UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/9/05

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1270 (RCC)<br>Case Management Order # 4 |

*This document relates to: All Actions*

This Order supplements and amends Case Management Order # 2, issued by the Court on June 15, 2004 and docketed by the Clerk's office on June 16, 2004. Unless supplemented or amended by this or another Order of the Court, the provisions of Case Management Order # 2 remain in full force and effect.

**Service of Papers**

1. For documents that are not filed through the ECF System but that nonetheless are required to be served, service shall be by e-mail and shall be necessary only upon those attorneys listed with e-mail contact information in Schedule B. Attorneys who subsequently enter appearances in any of the Individual Actions shall provide an e-mail address or addresses to the Court and plaintiffs' and defendants' counsel in writing, for inclusion in Schedule B.

**Letters Rogatory**

2. Any party may seek the assistance of the Court in obtaining documents from non-party foreign governments or officials through a "Letters Rogatory" process or otherwise. Any party seeking such assistance shall notify all other parties in accordance with Fed. R. Civ. P. 5. Within twenty (20) days of receipt of such notice, any other party interested in obtaining documents from the same non-party foreign government or official shall submit its proposed requests to the initiating party, and all parties together shall submit an agreed form of requests to be sent to the foreign government or official. To the extent that any party sends a representative to personally retrieve documents provided in response to a request from this Court to a foreign government or official, plaintiffs (collectively) and defendants (collectively) shall be entitled to send the same number of representatives. All documents so retrieved shall be deposited with the

Court and shall be available to all parties. The parties shall make such application to this Court as may be necessary to effectuate this provision.

### Discovery Deadlines

3. The following control dates are hereby adopted with respect to the discovery process:

 (a) Fact discovery: Fact discovery shall be completed by June 30, 2006.
 (b) Expert discovery: Experts are to be designated and their expert reports exchanged by August 15, 2006. Expert depositions shall commence after August 15, 2006 and shall be completed by October 15, 2006.
 (c) All liability discovery is to be completed by October 15, 2006.

The parties recognize that further developments in this complex litigation may require that the control dates set forth above be extended or otherwise amended. The Plaintiffs' and Defendants' Executive Committees shall confer and submit a proposal to the Court regarding revised discovery deadlines on or before April 15, 2006.

### Motions for Reconsideration

4. In the event that a party moves for reconsideration of a decision of the Court, any interested party may submit a letter application to the Court, in accordance with the procedures set forth in Court's June 17, 2004 Order, requesting that the Motion for Reconsideration be resolved on an expedited basis, to the extent possible. The party submitting the letter application shall briefly explain why it believes resolution of the Motion for Reconsideration on a prioritized basis is appropriate. Before applying to the Court, the party submitting the letter application should first attempt to obtain agreement to the expedition from the other side.

### Motions to Dismiss

5. With respect to motions to dismiss, the parties shall submit to the Court an agreed-upon, proposed briefing schedule. Any defendant seeking dismissal based on alleged deficiencies in service of process shall include its service defense in its motion to dismiss. By entering into a stipulation establishing a briefing schedule for a motion to dismiss in such an instance, neither party waives any arguments it may otherwise have, whether concerning service

of process, default, or other issues. In the event that the parties are unable to reach agreement on the terms of a stipulation governing briefing on a motion to dismiss, the following presumptive briefing schedule shall apply: opposing papers shall be filed within sixty (60) days of the filing of any such motion to dismiss, and reply papers shall be filed within thirty (30) days after receipt of opposing papers. With respect to motions to dismiss that have not yet been filed, the Court prefers consolidated briefing as much as possible.

For all motions to dismiss that were filed but not yet ruled upon in an Individual Action(s) prior to September 30, 2005, the parties stipulate that the pending motion papers shall be deemed applicable to any consolidated or amended complaint filed in that Individual Action(s) on September 30, 2005. However, to the extent any consolidated or amended complaint filed in an Individual Action on or after September 30, 2005 included additional allegations against a defendant who had previously moved to dismiss the claims against it in that Individual Action(s), that defendant may file a short (not to exceed 10 pages) supplemental brief within thirty (30) days of the date of this Order, addressing the new allegations. The plaintiffs shall have thirty (30) days to file a response of no more than ten (10) pages, and the defendant will then have ten (10) days to file a reply of no more than five (5) pages. The parties may stipulate to amendments of the foregoing briefing schedule in particular individual actions. Nothing herein shall be construed as a waiver of defendants' right to challenge the compliance of any consolidated or amended complaint with paragraph 13 of CMO # 2.

**SO ORDERED:**

*Richard Conway Casey*

RICHARD CONWAY CASEY, U.S.D.J.

Dated: *December 9, 2005*